In the Matter of the Transfer Tax upon the Estate of A. ALBERT SACK, Deceased.

INDUSTRIAL TRUST COMPANY OF PROVIDENCE, RHODE ISLAND, Executor, etc., of A. ALBERT SACK, Deceased, Appellant; STATE TAX COMMISSION, Respondent.*

Second Department, May 15, 1931.

*Francis H. Warland* [*Joseph F. McCloy, John L. McMaster* and *Leo Brady* with him on the brief], for the appellant.

*Seth T. Cole* [*William Dale O'Brien* with him on the brief], for the respondent.

*Harold P. Burke, Third Assistant Attorney-General* [*John J. Bennett, Jr., Attorney-General*, with him on the brief], as *amicus curiæ*.

* Affg. 138 Misc. 806.

PER CURIAM. If that part of the statute attacked (Tax Law, § 220, subd. 2, ¶ [b], as amd. by Laws of 1922, chap. 430, in force at the time the tax was assessed by the *pro forma* order) is unconstitutional it would be the duty of the surrogate to vacate the order assessing a tax on contingent remainders on the shares of stock in New York corporations held by the estate of the non-resident decedent; and we would exercise the power vested in us to reverse the order of the Surrogate's Court and vacate the original taxing order in that respect. It has been the settled law in this State since the decision of *Matter of Bronson* (150 N. Y. 1, decided in 1896) that the shares of stock in corporations incorporated under the laws of this State, held by and represented by certificates in the possession of a non-resident decedent at the time of his death at his domicile out of the State, were subject to taxation under the Transfer Tax Act (now Tax Law, art. 10-A, § 248, subd. 1, ¶ [6], as added by Laws of 1928, chap. 330). The decisions in *Farmers Loan Co.* v. *Minnesota* (280 U. S. 204) and *Baldwin* v. *Missouri* (281 id. 586), while declaring that certain intangibles are not taxable in the State of their origin as against the estate of a non-resident decedent, do not go so far as to include shares of stock in domestic corporations. The reasoning in those decisions indicates that such property is not subject to a transfer tax under the laws of the State in which such corporations were organized in the case of the estate of a non-resident. We feel, however, that we are bound by the doctrine of the *Bronson Case* (*supra*) until there is direct authority to the contrary. Reaching this conclusion, it is unnecessary to determine other questions relating to matters of policy or the retroactive effect of a decision declaring a statute unconstitutional, where its constitutionality had been unquestioned and acted upon for many years.

The order should be affirmed on the law and not in the exercise of discretion, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., YOUNG, KAPPER, SCUDDER and DAVIS, JJ.

Order of the Surrogate's Court of Orange county unanimously affirmed on the law and not in the exercise of discretion, with ten dollars costs and disbursements.