In the Matter of the Transfer Tax upon the Estate of A. ALBERT SACK, Deceased.*

INDUSTRIAL TRUST COMPANY OF PROVIDENCE, RHODE ISLAND, Executor, etc., of A. ALBERT SACK, Deceased, Appellant; STATE TAX COMMISSION, Respondent.

Second Department, October 21, 1932.

*Francis H. Warland [John L. McMaster and Leo Brady with him on the brief], for the appellant.*

*Seth T. Cole [William Dale O'Brien with him on the brief], for the respondent.*

PER CURIAM.  On December 15, 1925, an order was entered in the Surrogate's Court of Orange county imposing a transfer tax upon the estate of A. Albert Sack, who, at the time of his decease, was a resident of the State of Rhode Island.   It was held at that time, in accordance with the then supposed state of the law, that certain shares of stock in New York corporations, owned by Mr. Sack in his lifetime, were subject to taxation in this State.   A portion of the tax on vested interests, amounting to $423.23, was at that time paid, but a tax on contingent remainders, aggregating $17,880.40, was imposed as a temporary tax, as the law required, the assessment being at the highest possible rates.   This tax was subject to reassessment and readjustment when the contingent remainders vested and the amount of the tax could be finally and definitely fixed.   On January 13, 1926, bonds aggregating $20,000 in value were deposited with the State Tax Commission, as the

---

* Revg. 138 Misc. 806.

law permitted, to secure the payment of the tax contingently assessed.

The executor, being advised that the taxation of the shares of stock in this State was void and unconstitutional, in June, 1930, petitioned that the taxing order be vacated. The motion was denied by the surrogate and an order to that effect was entered in the Surrogate's Court January 26, 1931. From that order an appeal was taken to this court, and the order was affirmed on May 15, 1931. An attempt to bring the matter before the Court of Appeals was rendered futile by errors in procedure.

The contention that the taxing statute was unconstitutional had been based on decisions in the United States Supreme Court, which held that statutes imposing double taxation were unconstitutional in respect to intangible property such as bonds, bank deposits and the like. (*Farmers Loan & Trust Co.* v. *Minnesota*, 280 U. S. 204; *Baldwin* v. *Missouri*, 281 id. 586.)

At the time of the decision of the original appeal in this court it had been the settled law in this State for many years that shares of stock in corporations organized in this State, held by and represented by certificates in the possession of a non-resident decedent at the time of his death at his domicile out of the State, were subject to taxation under the Transfer Tax Act. (*Matter of Bronson*, 150 N. Y. 1.) In affirming, we said: "The reasoning in those decisions [the *Minnesota* and *Missouri* cases] indicates that such property is not subject to a transfer tax under the laws of the State in which such corporations were organized in the case of the estate of a non-resident. We feel, however, that we are bound by the doctrine of the *Bronson Case* (*supra*) until there is direct authority to the contrary." (*Matter of Sack*, 232 App. Div. 433, 434.)

On January 4, 1932 (after our decision on May 15, 1931), the Supreme Court of the United States passed upon the direct question of the double taxation of certificates of stock held by a non-resident of the State wherein the corporation was organized and the certificate issued and made transferable. (*First National Bank* v. *Maine*, 284 U. S. 312.) The court there reviewed the question of the situs of intangible property and held that there was no real distinction between bonds and stock for the essentially practical purposes of taxation, and said (p. 328): "We conclude that shares of stock, like the other intangibles, constitutionally can be subjected to a death transfer tax by one State only." After this decision we granted a reargument.

It is, therefore, apparent now that there was never any authority to tax in this State the shares of stock of New York corporations

belonging to the estate of Mr. Sack. The Comptroller is, there-fore, in possession of property belonging to the estate which he holds as security for an invalid, temporary tax. As to these bonds, neither he nor the State has any valid title or right to possession as collateral security or otherwise.

As to the item of $423.23, the tax paid on vested interests, the appellant abandoned any claim for that sum on the original appeal, and we will not now further discuss it.

We adhere to the view originally expressed: that this court has the discretion to review the order from which the appeal is taken and to vacate such part of the order assessing the tax on contingent remainders as relates to these shares of stock in New York corporations, which the surrogate refused to vacate. The tax imposed was assessed under the provisions of a statute now held to be unconstitutional, although at the time the parties believed it to be valid, as the law had theretofore been interpreted by the courts. To deny relief to the appellant under the circum-stances now presented would be a manifest injustice. Indeed, it may not be a question of discretion at all, but the granting of a right.

We go no farther than to say that the order made by the surrogate on January 26, 1931, should be reversed, and the motion made by the executor to vacate the order fixing the tax, dated December 15, 1925, should be granted in respect to the tax of $17,880.40 on the full undiminished remainders. We deal with no question concerning the right of refund of taxes voluntarily paid prior to the decision in the *Maine* case, for, in our view, no such question is here presented.

On reargument, the order of the Surrogate's Court of Orange county, denying petitioner's motion to vacate the order fixing the tax on the estate, should be reversed on the law and the facts, without costs, and the motion granted as to the item of $17,880.40.

LAZANSKY, P. J., YOUNG, KAPPER, SCUDDER and DAVIS, JJ., concur.

On reargument, order of the Surrogate's Court of Orange county, denying petitioner's motion to vacate the order fixing the tax on the estate, reversed on the law and the facts, without costs, and motion granted as to the item of $17,880.40.

Settle order on three days' notice before DAVIS, J.